IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:  3:11cr24/MCR/EMT
                                                   3:15cv545/MCR/EMT
ERICK D. SMITH

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's second amended "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 332).   The Government has responded in opposition (ECF No. 334).   Defendant did not file a reply, although he filed motions to amend, which the undersigned previously resolved (*see* ECF Nos. 335–340).   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented, the court recommends that the motion be denied without an evidentiary hearing.   *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND

On May 17, 2011, Defendant was charged in a five-count second superseding indictment with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine and 280 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and (iii) ("Count One"); use, carry, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 924(c)(1)(A)(i), 924(c)(1)(A)(iii), and 2 ("Count Two"); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Three"); and two counts of money laundering, in violation of 18 U.S.C. §§ 1957 and 2, arising from conduct on two separate dates ("Counts Four and Five") (ECF No. 54). The indictment also contained two forfeiture counts, one for controlled substances and money laundering, and the other for firearms.   Co-defendants Telly J. Hill and Ismael A. Rodrigues were charged in Count One, and Hill was also charged in Count Two.

Defendant exercised his right to a jury trial at which he was represented by Attorney Shelley Guy Reynolds.   The court granted Defendant's motion for a judgment of acquittal on Counts Four and Five, and the jury found him guilty as to Counts One and Three, and not guilty as to Count Two (ECF Nos. 125, 126).   By

special verdict, the jury found that as to Count One the offense conduct involved 500 grams or more but less than 5 kilograms of cocaine (ECF No. 126 at 2 (as previously noted, the indictment charged Defendant in Count One with offense conduct involving five kilograms *or more* of a mixture and substance containing a detectable amount of cocaine)).

Before sentencing, the defense filed a stipulated motion for Attorney Reynolds to withdraw (ECF No. 148).    The court denied the motion after an ex parte hearing (ECF No. 158).

The final Presentence Investigation Report ("PSR") reflects that Defendant had a total offense level of 43.    Defendant's base offense level was 36 based on his responsibility for 67.4 kilograms of cocaine.    He received a two-level upward adjustment for possession of a dangerous weapon, a three-level upward adjustment for his role in the offense, and a two-level upward adjustment for obstruction of justice based on what the court determined to be his perjured testimony at trial (ECF No. 192, PSR ¶¶ 62–72).    Defendant's criminal history category was VI (PSR ¶¶ 93–94).    The applicable guidelines range was life imprisonment, although Count Three had a maximum penalty of ten-years imprisonment (PSR ¶¶ 133–134).

The court sentenced Defendant to a term of 420-months imprisonment on Count One and a concurrent term of 120-months imprisonment on Count Three (ECF Nos. 230, 231, 269).

Defendant appealed, represented by Attorney Michael Ufferman (ECF No. 278). He challenged the district court's denial of a motion to suppress based on new Supreme Court precedent. Defendant also alleged that the district court wrongfully admitted evidence of his two prior convictions for possession of cocaine, wrongfully refused to sever his felon-in-possession charge, wrongfully considered acquitted conduct at sentencing, and violated the Sixth Amendment "as applied" (ECF No. 311 at 2–3). The Eleventh Circuit affirmed his conviction and sentence (ECF No. 311).

Defendant filed his motion to vacate in December of 2015 (ECF No. 325). The court ordered Defendant to amend and granted his motion to supplement, following which he filed an amended motion to vacate in January of 2016 (ECF Nos. 326–329). Defendant filed additional documents, which were returned to him, and he finally filed the second amended motion to vacate which is currently before the court (ECF No. 332).

Case Nos.: 3:11cr24/MCR/EMT; 3:15cv545/MCR/EMT

In the present motion, Defendant raises three claims of ineffective assistance of counsel; he also contends his sentence exceeds the maximum allowed by law. The Government filed a response in opposition, following which Defendant moved to supplement his motion (ECF Nos. 334, 335).    The court denied the motion to supplement in September of 2016 (ECF No. 336).    In June of 2017, Defendant filed a document titled "Memorandum of Law in Support of § 2255 Motion," which the court construed as a motion to amend his second amended motion (ECF Nos. 337, 338).    The court denied the motion, but noted that it would consider the "new" argument pertaining to a claim that had been raised earlier (*see* ECF No. 338 at 5; ECF No. 337 at 11–15).    Defendant filed another motion to amend or supplement in September of 2017, which the court denied (ECF Nos. 339, 340).

## ANALYSIS

### General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."    *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.    A prisoner is entitled to relief under section 2255 if the court imposed a sentence that

(1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).   The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   *Nyhuis*, 211 F.3d at 1343

(quotation omitted).    Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.    *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).    An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective

factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.    A meritorious claim of ineffective assistance of counsel can constitute cause.    *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.    *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).    To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.    *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).    In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.    *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*,

209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon*

*v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*,

456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)).

Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.    *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).    This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."    *Chandler*, 218 F.3d at 1313.    This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have

acted in the circumstances as defense counsel acted.    *Dingle*, 480 F.3d at 1099;

*Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).

      An evidentiary hearing is unnecessary when "the motion and files and records

conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. §

2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th

Cir. 2008).    Not every claim of ineffective assistance of counsel warrants an

evidentiary hearing.    *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730

F.2d 707, 708 (11th Cir. 1984)).    To be entitled to a hearing, a defendant must

allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v.*

*United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on

frivolous claims, conclusory allegations unsupported by specifics, or contentions

that are wholly unsupported by the record.    *See Winthrop‒Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold

a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported

generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d

1208, 1237 (11th Cir. 2004).    Even affidavits that amount to nothing more than

conclusory allegations do not warrant a hearing.    *Lynn*, 365 F.3d at 1239.    Finally,

disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One

Defendant first contends that his trial attorney was constitutionally ineffective because she failed to request a "buyer-seller" jury instruction.   He asserts that the only agreement "here" was to exchange drugs for money, not to join a criminal enterprise beyond that accomplished by a single transaction.    Defendant then assails the evidence against him, claiming that the only evidence the Government offered to establish the conspiracy was the testimony of Terrance Woods, whose testimony was suspect—noting that he had been charged in a separate indictment, that he was motivated by the possibility of a sentence reduction, and that his trial testimony conflicted with statements he made during previous debriefings with law enforcement (ECF No. 337 at 13).   Defendant also argues that the jury clearly discredited Woods' testimony in that the special verdict it returned did not reflect the quantity of drugs to which Woods had testified, and that the jury acquitted Defendant of using and possessing the firearm in connection with a drug trafficking offense.    Defendant insists that the only physical evidence supporting the conspiracy conviction was the Government's seizure of $13,730 in cash from a secret compartment in Rodrigues' Honda Accord in a Wal-Mart bag with Defendant's fingerprint on it, and a cell phone from his apartment.   He argues that

Case Nos.: 3:11cr24/MCR/EMT; 3:15cv545/MCR/EMT

the jury based its verdict on the last words of the prosecutor's closing argument referencing a half kilogram of cocaine (*see* ECF No. 300 at 34).

In its response, the Government observes that a defense request for a buyer/seller instruction would have bordered on "conceding the defendant clearly committed perjury during trial" because Defendant denied having bought anything other than small quantities of cocaine for personal use either during the course of the charged conspiracy or at the time of his previous convictions (ECF No. 267 at 126, 128, 158–59). Regardless of whether such a request by defense counsel would have been tantamount to a concession that Defendant committed perjury, the evidence did not support a buyer/seller instruction. Throughout his testimony Defendant insisted that the cash seized was not from drug sales but from gambling, from his car wash business, or from his role in coordinating prostitution (ECF No. 267 at 127, 131, 133, 139, 142, 144, 145, 161, 162, 163). The purpose of the buyer/seller rule is to separate consumers, who do not plan to redistribute drugs for profit, from street-level, mid-level, and other distributors, who do intend to redistribute drugs for profit, thereby furthering the objective of the conspiracy. *See United States v. Ivy*, 83 F.3d 1266, 1285–86 (10th Cir. 1996). In light of Defendant's repeated denials, the evidence did not support a buyer/seller instruction.

Case Nos.: 3:11cr24/MCR/EMT; 3:15cv545/MCR/EMT

*See United States v. Farias*, 836 F. 3d 1315, 1329 (11th Cir. 2016) (quoting *United States v. Zlatogur*, 271 F. 3d 1025, 1030 (11th Cir. 2001) ("As long as there is some basis in the evidence and legal support, the jury should be instructed on a theory of the defense.").   Counsel was not constitutionally ineffective for choosing not to make an unsupported request for the buyer/seller instruction.

Grounds Two and Three

As his second ground for relief, Defendant contends that counsel was ineffective because she did not challenge the penalty provision in § 841(b)(1)(B) (providing for enhanced penalties for more than 500, but less than 5 kilograms, of cocaine).   He appears to argue that the Government did not prove that the cocaine involved was a "mixture or substance" of cocaine as charged in the indictment, which in Defendant's view "trigger[s]" the enhanced penalty provisions under § 841(b)(1)(B) (*see* ECF No. 332 at 7).   He also attempts to differentiate 500 grams of pure cocaine, upon which he believes the jury based its verdict, with a quantity involving a "mixture and substance," which is by definition a less pure form of the drug.   In a seemingly related claim, he contends that his sentence exceeds the maximum as authorized by law.

Case Nos.: 3:11cr24/MCR/EMT; 3:15cv545/MCR/EMT

Defendant's claim is, quite frankly, unclear.    Despite some evidence at trial suggesting that the quantity of cocaine involved in the offense conduct *exceeded* five kilograms, the jury specifically found that the amount of cocaine for which Defendant was responsible was between 500 grams and five kilograms (ECF No. 126).    This finding limited Defendant to the penalties set forth in § 841(b)(1)(B), rather than those set forth in § 841(b)(1)(A) (for more than 5 kilograms), although the latter provision was the one charged in the second superseding indictment (ECF No. 54).    Defendant's 420-month sentence on Count One was within the statutory penalty range for the lesser amounts found by the jury, as well as within the applicable advisory guidelines range.[1]

Counsel was not constitutionally ineffective for failing to raise a meritless claim as to the lawfulness of the sentence.

---

[1] Defendant might also, or alternatively, be contending that counsel erred in failing to successfully challenge the base offense level of 36, which was calculated by finding that he was responsible for 67.4 kilograms of cocaine, when the jury's special verdict found him responsible for no more than 5 kilograms.    However, the statutory minimum and maximum sentence under § 841(b)(1)(B)(ii) for cocaine amounts within the range found by the jury (with prior felony controlled substance convictions, as Defendant had) is ten years to life.    Thus, the district court's findings at sentencing that Defendant was responsible for 67.4 kilograms of cocaine did not increase the maximum or minimum penalty to which Defendant could be subjected based on the jury's findings (and Defendant's prior convictions), as required for a violation of either *Apprendi v. New Jersey*, 530 U.S. 466 (200) or *Alleyne v. United States*, 570 U.S. 99 (2013).    The court simply calculated an intermediate advisory Guidelines range based on her own findings, as permitted by *United States v. Booker*, 543 U.S. 220 (2005) and its progeny.

Case Nos.: 3:11cr24/MCR/EMT; 3:15cv545/MCR/EMT

Ground Four

Finally, Defendant generally contends that his attorney never advised him of his right to testify or prepared him to testify.    His claim is contradicted by his own testimony at trial.    At the beginning of his testimony, Defendant acknowledged that he had spoken with defense counsel about his testimony in advance, including the fact that defense counsel did not advise Defendant "what to say" or "what not to say," as well as the fact that some of Defendant's (anticipated) testimony would reveal that he had engaged illegal activities such as gambling and smoking marijuana (*see* ECF No. 267 at 123–24).    Defendant does not suggest how any additional "preparation" might have altered the outcome of the proceedings.    What is more, the record shows Defendant was aware of his right to testify because he did, in fact, testify.    He has not shown that counsel performed deficiently and he is not entitled to relief.

Conclusion

For the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.    Nor has he shown that an evidentiary

hearing is warranted.    Therefore, Defendant's motion should be denied in its entirety.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.    Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.    § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).    Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."    If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:11cr24/MCR/EMT; 3:15cv545/MCR/EMT

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The Second Amended Motion to Vacate, Set Aside, or Correct Sentence

(ECF No. 332) be **DENIED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 10th day of September 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**